USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHN DOE,

                                Plaintiff,

      -against-

CITY OF NEW YORK and NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION,

                              Defendants.

------------------------------------------------------------------------ x

[~~PROPOSED~~]
**STIPULATION AND PROTECTIVE ORDER**

20-CV-6393 (AJN)

      **WHEREAS** Plaintiff John Doe ("Plaintiff") and Defendants the City of New York (the "City") and New York City Health + Hospitals Corporation ("H+H") ("Defendants") (collectively, the "Parties") have agreed to take those steps necessary to preserve the confidential nature of certain nonpublic and confidential information that the Parties anticipate will be disclosed during the course of discovery in this case; and

      **WHEREAS** good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **WHEREAS** the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      **WHEREAS** the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal;

      **WHEREAS**, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the

public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY STIPULATED AND ORDERED** that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any party or person subject to this Protective Order who receives from any other party or person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The party producing any given Discovery Material may designate as Confidential such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial, governmental or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

    a. previously nondisclosed financial information (including, but not limited to: non-final budgetary estimates, requests or plans; Defendants reserve their right to redact any bank account or credit card numbers contained in the records);

        b.     previously nondisclosed material relating to ownership or control of any non-public company;

        c.     any information of a personal or intimate nature regarding any individual (including, but not limited to: health information (records documenting medical complaints, maladies, and/or diagnoses; treatment records; clinic rosters or logbooks identifying individuals who sought medical treatment, etc.); social security numbers; dates of birth; non-public disciplinary records of any detainee/inmate that is not the Plaintiff; book and case numbers of any detainee/inmate that is not the Plaintiff);

        d.     any other category of information hereinafter given confidential status by the Court or by mutual agreement of the Parties.

        3. The party producing any given Discovery Material may designate as "Confidential—Attorneys' Eyes Only" such material that falls under the definition of Paragraph "2.c." *supra* that relates inmates and/or detainees who are or were in the custody of the New York City Department of Correction (DOC), to the extent such information relates to medical diagnosis and treatment received by such inmates and/or detainees, by agreement of the parties, or otherwise by order of the Court on good cause shown. The party producing any given Discovery Material may also designate as "Confidential—Attorneys' Eyes Only" such material relating to the blueprints or design of any City or H+H facility or that relates to the safety and security protocols in any such City or H+H facility and whose public disclosure could pose a public security and/or safety risk in the operation of the DOC, H+H, or other City agencies, including portions of internal or contractor-created reports or memoranda outlining such security or safety protocols, design features, or structural layouts. Any party who requests additional limits on disclosure in this

manner shall at the time of designation serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

4. With respect to the Confidential or Confidential—Attorneys' Eyes Only portion of any Discovery Material (hereinafter, collectively, "Confidential Material") other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential—Attorneys' Eyes Only" as appropriate by stamping or otherwise clearly marking as "Confidential" or "Confidential—Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. The producing party or that party's counsel may also produce for future public use another copy of said Discovery Material with the confidential information redacted.

5. Notwithstanding anything in the preceding paragraphs, documents and information shall not be designated Confidential Material to the extent that they are (a) publicly available or become publicly available after disclosure (other than by an act or omission of the Party to whom such disclosure is made (the "Receiving Party") in violation of this Order); (b) legitimately acquired from a non-party source that is not subject to this Order; or (c) in the possession or knowledge of the Receiving Party prior to production by the Producing Party.

6. With respect to deposition transcripts, a party or a party's counsel may designate such portion as Confidential or Confidential Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential Material and/or Attorney's Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as

"Confidential Information and/or Attorney's Eyes Only Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Confidential—Attorneys' Eyes Only as appropriate, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the party or that party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

7. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential Material, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Confidential—Attorneys' Eyes Only as appropriate under the terms of this Protective Order.

8. Except as may be otherwise provided by further order of the Court or stipulation by the Parties, information designated "Confidential" shall be disclosed only to:

    a.    the Parties to this action;

    b.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.    representatives and agents of the Parties involved in the litigation of this Action, including but not limited to: investigators, consultants and expert

    witnesses, outside vendors and providers (such as copy-service providers, document-management consultants, or other litigation support services) that counsel hire and assign to this matter;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

h. court reporters, stenographers, transcribers, assistants, and employees to whom disclosure is reasonably necessary for this litigation; and

i. this Court, including any appellate court, and the court reporters and support personnel for the same.

  9. Except as may be otherwise provided by further order of the Court or stipulation by the Parties, information designated "Confidential—Attorneys' Eyes Only" shall be disclosed only to individuals who satisfy the definitions in Paragraph "9. b., c., e., g., h,, and i., provided that the individuals identified in paragraphs "9.c., g,, and h." agree in writing to maintain exclusive control over such materials and adhere to the terms of this order governing such materials.

10. Prior to any disclosure of any Confidential Material to any person referred to in Paragraphs "9.c, f, g, and h above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

12. Each party or person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. A party wishing to use or reveal Confidential Material in any submission to the Court shall comply with the Individual Practices of the assigned district judge.  Any such party may, at its election, either submit such documents with the Confidential Material redacted appropriately therefrom, or seek to file such documents under seal to the extent the Court's practices and applicable rules so permit.  The Court retains discretion whether to afford confidential treatment to any document or information submitted to the Court in connection with any motion, application, or proceeding that may result in an order, ruling and/or decision by the Court.

14. A party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation. The Parties may also meet and confer to determine whether a "Confidential—Attorneys' Eyes Only" designation is appropriate for any such material.

15. Confidential Material shall not be used for any purpose other than for the prosecution and defense of this action. All copies shall be maintained within the possession and control of counsel for the Parties. Any summary or copy of the Confidential Material shall be subject to the terms of this Stipulation and Order. Except as further provided in this Stipulation and Order, the Parties and their counsel shall not in any way, directly or indirectly, publish or disseminate any Confidential Material without the written permission of the Producing Party. The prohibitions in this paragraph include, but are not limited to, any acts to post Confidential Material on a website, any actions to disseminate Confidential Material via social media, any acts to provide Confidential Material to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the Confidential Material.

16. Nothing contained in this Protective Order, however, will affect or restrict the rights of any party or person with respect to its own documents or information produced in this action. Nothing in this Stipulation and Order shall be construed to limit Defendants' (including the City's agencies') use of the Confidential Material in the ordinary course of their business. Nor

does anything contained in this Protective Order limit or restrict the rights of any party or person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

17. Nothing in this Protective Order will prevent any party or person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such party or person receiving a request, will provide written notice to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

18. Following the conclusion of all phases of this litigation, including all appeals, all persons who possessed any Confidential Material shall, at the receiving party's election, either destroy all copies of such materials in their possession or return the materials to the producing party's attorney. Upon request, the receiving party shall verify compliance with this paragraph in writing. Written request(s) for the return or destruction of Confidential Material must be made by the producing party's attorney within 90 days after the conclusion of all phases of this litigation, including any appeals.

19. Nothing in this Stipulation and Order shall be construed to limit or eliminate the applicability of the redaction requirements set forth in Federal Rule of Civil Procedure 5.2.

20. This Stipulation and Order shall be without prejudice to the right of any party to oppose disclosure of any information or document on any and all grounds, including but not

limited to the ground that any information or document is not relevant to any claim or defense in this action. This Stipulation and Order also shall not in any way affect the applicability of the attorney-client communication privilege or the work product doctrine, or of any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

*Signature block appears on the following page.*

Dated: New York, New York
January 28, 2021

**STIPULATED TO:**

**KELNER & KELNER, ESQS.**

By: _____
Joshua D. Kelner
7 World Trade Center, Suite 2700
New York, New York 10007
212-425-0700
JKelner@kelnerlaw.com

*Attorneys for Plaintiff*

Dated: New York, New York
January 28, 2021

**SO ORDERED:**

Dated: January 29, 2021
New York, New York

**OFFICE OF THE CORPORATION COUNSEL**

By: _____
Rosemary C. Yogiaveetil
100 Church Street, Rm. 2-168
New York, New York 10007
212-356-0877
ryogiave@law.nyc.gov

*Attorneys for Defendants the City of New York and New York City Health + Hospitals*

Dated: New York, New York
January 28, 2021

_____
Hon. Alison J. Nathan

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices, as relevant. SO ORDERED.

11

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2021 in the action entitled <u>John Doe v. City of New York and New York City Health and Hospital Corporation</u>, No. 20-CV-6393 (AJN), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein for any purpose other than in connection with the litigation of this case, and will not further disclose the Confidential Material except in testimony taken in this case.

I aver that I will comply with the terms and conditions of the Stipulation and Protective Order, and in the event that it is contended that I have violated the terms and conditions of the Stipulation and Protective Order, I agree to be subject to the above identified Court's ruling regarding the imposition of appropriate sanctions.

_____
Date

_____
Signature

_____
Print Name