

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**IAN WILLIAM FORSTER**
Phone: (212) 356-2624
Fax: (212) 356-1148
iforster@law.nyc.gov

November 18, 2021

**Via ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *John Doe  v. City of New York and N.Y.C. Health and Hospitals Corp.,*
            20-CV-6393 (AJN) (DCF)

Dear Magistrate Judge Freeman:

      I am an Assistant Corporation Counsel ("ACC") assigned to represent Defendants the City of New York (the "City") and New York City Health + Hospitals ("H+H") in the above-referenced action, in which Plaintiff alleges that he was the victim of a sexual assault by a physical therapist that occurred at Rikers Island, where Plaintiff was a detainee, on May 30, 2019.  As the Court may be aware, the non-party physical therapist who allegedly assaulted Plaintiff is presently facing criminal charges in a Bronx County criminal court proceeding stemming from the same incident in question in this civil action, in which Plaintiff is the complainant and is expected to testify at trial.  For the reasons detailed below, I write jointly with Plaintiff's counsel, Joshua Kelner of Kelner & Kelner, Esqs., to respectfully request that the instant action be stayed pending completion of the forthcoming criminal trial, which is expected to take place in January or February of 2022.[1]

      Earlier this week, my Office received a call from Sean McCauley, the Assistant District Attorney in the Bronx County District Attorney's Office's Public Integrity Bureau assigned to prosecute the physical therapist in the above-mentioned criminal proceeding.  As set forth in the letter that Mr. McCauley provided to me, a copy of which is attached hereto as Exhibit A, any additional discovery in the civil case at this time would impact and likely delay the already advanced stage of the criminal proceeding (which is trial ready).  Mr. McCauley reports that plea discussions are ongoing in the criminal matter.  *See* Ex. A.  Alternatively, Mr. McCauley also

---

[1] The request for a stay is through the duration of the criminal trial only, and does not include post-trial or appellate proceedings.

reports, the matter will proceed to trial in early 2022.  *Id.*  In the second scenario, New York Criminal Procedure Law § 245.20 would allow for any additional discovery in the civil action to be subject to discovery in the criminal proceeding.  *Id.* (also citing *People v. Rosario*, 9 N.Y.2d 286 (1961)).  Notably, here, Plaintiff and Defendants are currently attempting to schedule at least four depositions in the coming weeks.  Those transcripts may produce hundreds or even thousands of pages of additional discovery, and could lead to the need for additional depositions, motions, or arguments in the criminal proceeding.  *Cf.*  N.Y. Crim. Pro. Law § 245.20(1)(c) (allowing for disclosure of "[t]he names and adequate contact information for all persons other than law enforcement personnel whom the prosecutor knows to have evidence or information relevant to any offense charged or to any potential defense thereto, including a designation by the prosecutor as to which of those persons may be called as witnesses").

Yesterday, Defendants provided Mr. McCauley's letter to Plaintiff and counsel for the parties then discussed the District Attorney's Office's request by phone.  Plaintiffs' counsel, Mr. Kelner, also spoke separately with Mr. McCauley.  Based on those conversations, Plaintiff joins in the present application for a stay, but in reliance on Mr. McCauley's expectation that the criminal proceeding will be tried in January or February 2022.  In the event that the criminal trial did not proceed as planned within that time frame, Plaintiff would reevaluate his position regarding the stay.

When deciding whether to grant a stay of a civil action pending the outcome of a related criminal proceeding, courts generally consider a number of factors.  *See, e.g., Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (applying six factor test); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 270 (S.D.N.Y. 1995) (applying five-factor test).  The considerations generally involve, at a minimum, the overlap between the issues in the parallel civil and criminal cases, the status of the criminal case, and the interests of the parties in the cases, the court, and the public.  *Id.*; *see also Banyan v. Sikorski*, 2021 U.S. Dist. LEXIS 142731, *7–8 (S.D.N.Y. July 30, 2021).  "These tests, however, no matter how carefully refined, can do no more than act as a rough guide for the district court as it exercise its discretion."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).  The determination should ultimately depend on "the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public, or the court."  *Id.*

Here, the instance at issue is the same in the criminal case and the civil action.  Additionally, the prompt prosecution of the criminal proceeding would be aided by a stay of Plaintiff's instant civil case because, as detailed in the Bronx District Attorney's Office's letter, Ex. A, the criminal case is trial ready.  Finally, a stay would not prejudice the parties, the Court, or the public interest in this civil proceeding.  Therefore, the parties jointly and respectfully request that Your Honor stay this matter pending the completion of the criminal trial in the related case of *People v. Carlos Negron*.  Specifically, the parties respectfully request that the deadlines set forth in the Court's November 4, 2021 Order, Dkt. No. 40, be held in abeyance.  The parties also propose that they be permitted to submit a status letter to the Court on February 1, 2022, which will address the posture of the criminal case and the parties' positions regarding the continued pendency of the stay.

Thank you for your consideration of this request.

Respectfully,

_____/s/_____

Ian William Forster
Assistant Corporation Counsel

cc:     **Via ECF**
        *all counsel of record*

> For the reasons stated in this letter, all discovery in this case shall be stayed until 2/28/2022 or the conclusion of the criminal trial (or guilty plea) of Mr. Negron, whichever date is sooner.  At the end of the stay period, the parties are directed to submit a joint proposal for modifying the schedule for all remaining discovery.
>
> SO ORDERED
>
> _____
> DEBRA FREEMAN
> United States Magistrate Judge
>
> Dated:  11/19/2021

**OFFICE OF THE DISTRICT ATTORNEY, Bronx County**

| | | |
|---|---|---|
| **Darcel D. Clark** | **198 East 161st Street** | **718.838.6688** |
| *District Attorney* | **Bronx, NY 10451** | **Direct: 718.664.1672** |
| | | **Fax:    718.590.4255** |

**Sean P. McCauley**
*Assistant District Attorney*
*Public Integrity Bureau*

November 17, 2021

Mr. Ian Forster, Esq.
Assistant Corporation Counsel
General Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007

<b>Re:  Peo. v. Carlos Negron (IND 1972/2019)</b>

Dear Mr. Forster:

My name is Sean P. McCauley and I am an assistant district attorney in the Public Integrity Bureau of the Bronx County District Attorney's Office. I am the attorney of record in the above captioned criminal case, which is being overseen by Justice Raymond Bruce of the New York State Supreme Court, Bronx County.  Based upon my review of the complaint in the case of *Doe v. City of New York and New York City Health & Hospital Corporation* (20-CV-06393) and my knowledge of the facts of the aforementioned criminal case, I have determined that Plaintiff Doe is the complaining witness in the criminal matter and that the two cases involve the same set of facts, circumstances, and witnesses.

The criminal case is currently adjourned to December 21, 2021 for a possible plea. My office has been in lengthy negotiations with Mr. Negron's attorneys for several months, and we are very close to resolving this case with a plea.  However, Justice Bruce has informed the parties that if the case is not resolved at the next adjourn date then we will be set for a firm trial date for early 2022.

The state criminal case has already involved extensive discovery and motions practice, and, if further discovery and depositions in the civil case were to proceed at this point, then that would cause a potentially significant delay in the criminal case.  This is because any depositions taken or other discovery produced for a civil case would potentially be subject to discovery under N.Y. Criminal Procedure Law § 245.20. That is particularly true for any witness depositions, of either law enforcement personnel or civilian witnesses, because that deposition testimony would become automatically discoverable under *People v. Rosario*, 9 N.Y.2d 286 (1961), and § 245.20, and would need to be gathered, reviewed, redacted, and provided to the defendant prior to trial.  Any other civil case discovery that involved the events at issue in the criminal case would similarly need to be reviewed and considered for use in the criminal case, including possible additional motions or arguments.

# OFFICE OF THE DISTRICT ATTORNEY, Bronx County

| | | |
|---|---|---|
| **Darcel D. Clark** | **198 East 161st Street** | **718.838.6688** |
| *District Attorney* | **Bronx, NY 10451** | **Direct: 718.664.1672** |
| | | **Fax:     718.590.4255** |

**Sean P. McCauley**
*Assistant District Attorney*
*Public Integrity Bureau*

For these reasons, I am requesting that you respectfully request that the District Court stay discovery in *Doe v. City of New York and New York City Health & Hospital Corporation* (20-CV-06393) pending the outcome of the state criminal case either through plea or trial. I will, of course, keep your office appropriately updated on the status of the case so that you may do the same for the plaintiff's counsel and the District Court.

Sincerely,

ADA Sean P. McCauley
Public Integrity Bureau
Bronx County District Attorney's Office
198 East 161 Street
Bronx, NY 10451
mccauleys@bronxda.nyc.gov
(718)664-1672