UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN DOE,

                      Plaintiff,          20 Civ. 6393 (PAE) (VF)

      -v-

                                         OPINION & ORDER
CITY OF NEW YORK et al.,

                      Defendant.

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On August 13, 2020, plaintiff John Doe, an inmate at Rikers Island, commenced this action against defendants the City of New York (the "City") and the New York City Health and Hospitals Corporation ("NYCHH") asserting violations of his civil and constitutional rights stemming from an alleged incident of sexual assault by a physical therapist working at Rikers Island. *See* Dkt. 1 ¶¶ 1, 7, 30, 57–61. On January 26, 2022, the City and NYCHH asserted third-party claims against August Physical Therapy, P.C. ("August PT"), the private entity that had contracted with defendants and which had employed the physical therapist. Defendants there sought a contractual defense and indemnification for the claims brought by Doe. Dkt. 47. To date, August PT has not appeared or otherwise defended against the third-party claims.

Currently pending is a motion for default judgment from the City and NYCHH against third-party defendant August PT.

Before the Court is the February 7, 2023 Report and Recommendation of the Hon. Valerie Figueredo, United States Magistrate Judge, recommending that the Court grant the motion for default judgment against August PT. Dkt. 84 ("Report"). The Court incorporates by

reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Figueredo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 7, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants the City and NYCHH's motion for default judgment against August PT. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 56. The case remains under the able pretrial supervision of Judge Figueredo.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: March 3, 2023
       New York, New York